UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NIPPON YUSEN KAISHA (NYK LINE),                    CASE NO.: 8:19-cv-01343

    Plaintiff,

vs.

BANKERS INSURANCE COMPANY,

    Defendant.
_____/

## NOTICE OF REMOVAL

Defendant, BANKERS INSURANCE COMPANY, by its attorneys and pursuant to 28 U.S.C. §§1331, 1441, and 1446, and Local Rule 4.02, hereby remove this action, which is pending in the Circuit Court for the Sixth Judicial Circuit, in and for Pinellas County, Florida, Case No. 19-002804-CI, to the United States District Court for the Middle District of Florida, Tampa Division.  In support of this Notice of Removal, Defendant states as follows:

### Nature of Action

1. On April 25, 2019, Plaintiff NIPPON YUSEN KAISHA (NYK LINE) filed a civil action against Defendant in the Circuit Court for the Sixth Judicial Circuit, in and for Pinellas County, Florida. Case No. 19-002804-CI.

2. Plaintiff's lawsuit alleges two counts against Defendant: (I) Breach of Surety Agreement and (II) Breach of Surety Agreement from Third Party Beneficiary, both of which stem from a Federal Maritime Commission Ocean Transportation Intermediary

("OTI") Bond Defendant issued on behalf of the Principal, Sea Central Shipping Corp., effective March 29, 2012. The Bond was issued pursuant to Section 19 of the Shipping Act of 1984, as amended by the Ocean Shipping Reform Act of 1998 and the Coast Guard Authorization Act of 1998, 46 U.S.C. app. 1702 (the "Act"). *See* Exhibit A to Plaintiff's Complaint.

3. The Bond specifies that it "shall inure to the benefit of any and all persons who have obtained a judgment or a settlement made pursuant to a claim under 46 CFR 515.23(b) for damages against the Principal arising from its transportation-related activities or order of reparation issued pursuant to section 11 of the 1984 Act, and to the benefit of the Federal Maritime Commission for any penalty assessed against the Principal Pursuant to Section 13 of the 1984 Act." *See* Exhibit "A" to Plaintiff's Complaint.

4. On August 31, 2017, Plaintiff obtained an arbitration award against Sea Central Shipping in the amount of $2,097,987.41. *See* Exhibit "B" to Plaintiff's Complaint. One and a half years later, on February 13, 2019, the Southern District of New York Court Clerk entered judgment in favor of Plaintiff in the amount of $2,213,175.54. *See* Exhibit "C" to Plaintiff's Complaint.

5. Defendant was served with the Summons and Complaint on May 13, 2019. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons, Complaint, and all other pleadings, orders, and other papers or exhibits of any kind, now on file with the Circuit Court for the Sixth Judicial Circuit, in and for Pinellas County, Florida are attached hereto as **Composite Exhibit A.**

**Basis for Removal**

6. Pursuant to 28 U.S.C. § 1331 and 1441(a), this Court has original jurisdiction over this action because Plaintiff's claims arise under the Constitution, laws, or treaties of the United States. "Congress has enacted extensive legislation controlling water carriers, both domestic, Interstate Commerce Act, Part III, 49 U.S.C. s 901 e*t seq.*, and foreign, Shipping Act of 1916, 46 U.S.C. s 801 *et seq.*; Carriage of Goods by Sea Act, 46 U.S.C. s 1300 *et seq.*" *Firearms Imp. & Exp. Corp. v. Lykes Bros. S.S. Co.*, 458 F. Supp. 88, 90 (S.D. Fla. 1978).

7. Specifically, 46 CFR § 515.21 requires any person operating in the United States as an NVOCC (as defined in § 515.2(m)(2)) to furnish evidence of financial responsibility in the amount of $75,000. 46 CFR § 515.21(a)(2). The OTI Bond at issue in this case also makes clear that recovery on the Bond is governed by federal law: 46 CFR § 515.23. *See* Exhibit "A" to Plaintiff's Complaint. Because the cause is one in admiralty and controlled by federal regulation, state limitations have no application in this case. *Firearms Imp. & Exp. Corp. v. Lykes Bros. S.S. Co.*, *supra,* 458 F. Supp. 88, 90. Any civil case filed in a state court may be removed by a defendant to federal court if the case could have been brought originally in federal court. *See Ayers v. Gen. Motors Corp.*, 234 F.3d 514, 517 (11th Cir. 2000).

8. Because this action is pending in the Circuit Court for the Sixth Judicial Circuit, in and for Pinellas County, Florida, venue for purposes of removal is proper in this Court pursuant to 28 U.S.C. § 1441(a).

**Timeliness of Removal**

9. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) as it is being filed and served within thirty (30) days after Defendant's receipt of a copy of the initial pleading setting forth the claims for relief upon which this action is based.

### Notice of Removal Provided to State Court

10. Prompt written notice of this Notice of Removal is being served upon Plaintiff and the original is being filed with the Clerk of Court in the Circuit Court for the Sixth Judicial Circuit, in and for Pinellas County, Florida, as required by 28 U.S.C. § 1446(d). A copy of the Notice of Filing Notice of Removal is attached hereto as **Exhibit B.**

### Conclusion

11. Removal is proper because this matters falls within this Court's original federal question jurisdiction and removal is timely being made to the Middle District of Florida, which embraces the place where this action is pending. Defendant, having met all procedural requisites for removal and having paid the appropriate filing fee, respectfully requests that the Court take jurisdiction over this matter and conduct all further proceedings.

Respectfully submitted this 3rd day June, 2019.

                    **WILSON ELSER MOSKOWITZ**
                    **EDELMAN & DICKER LLP**

By: */s/ John Y. Benford*
     John Y. Benford, Esq.
     Florida Bar No. 51950

john.benford@wilsonelser.com
Angela M. Duerden, Esq.
Florida Bar No. 95566
angela.duerden@wilsonelser.com
Wilson Elser Moskowitz Edelman & Dicker LLP
111 N. Orange Avenue, Suite 1200
Orlando, FL 32801
407-203-7599 – Phone
407-648-1376 – Facsimile

Attorneys for Defendant, Bankers Insurance Company

## CERTIFICATE OF SERVICE

I certify that on **June 3, 2019**, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record in this matter.

       **WILSON ELSER MOSKOWITZ**
        **EDELMAN & DICKER LLP**

By:   */s/ John Y. Benford*
       John Y. Benford, Esq.
       Attorney for Defendant